# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA {Asheville Division}

**Mehrl Phebus & Debra Phebus**

**v.**

FILED
ASHEVILLE, NC

FEB 1 2024

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

Case No.: 1·24·CV-35 MR-WCM

**Mountain Life Cabins, LLC,**
**Out-A-Bounds Farm, LLC,**
**Richard W. Norton, Jr.,**
**Glen Frank & Dylan Frank**

---

## VERIFIED COMPLAINT

---

Mehrl Phebus and Debra Phebus, ("Plaintiffs") by and through counsel and for their Complaint and causes of action against Defendant, states as follows:

### PARTIES, VENUE & JURISDICTION

1. Plaintiffs were at all material times and are citizens and residents of Florida, residing at 293 Sweet Pine Trail, Ponte Vedra, Florida 32081. Plaintiffs own real property at 198 Noble Mountain Landing, Murphy, North Carolina, 28906 via purchase of same from Defendant Out-A-Bounds Farm, LLC.

2. Defendant, Mountain Life Cabins, LLC., is a business formed under the laws of the State of Georgia and located in Fannin County, Georgia. Defendant maintains a physical address at 4611 Lickskillet Road, Blue Ridge, Georgia, 30513 and may be served through its registered agent, Candace Frank at the same address.

3. Defendant, Out-A-Bounds Farm, LLC., is a business formed under the laws of the State of North Carolina and located in Cherokee County, North Carolina. Defendant maintains a principal office at 29 Wilderness Creek Way, Murphy, North Carolina and may be served through its

registered agent, Bata Law Office, PA at 225 Valley River Avenue, Suite A, Murphy, North Carolina, 28906.

4. Defendant Richard W. Norton, Jr., d/b/a Norton Construction was at all material times a citizen of the State of North Carolina, residing at 670 Shoal Creek Road, Murphy, North Carolina, 28906.

5. Defendant Glen Frank was at all material times, a citizen of the State of Georgia, residing at 4611 Lickskillet Road, Blue Ridge, Georgia, 30513.

6. Defendant Dylan Frank was at all material times, a citizen of the State of Georgia, residing at 4611 Lickskillet Road, Blue Ridge, Georgia, 30513.

## VENUE & JURISDICTION

7. The events that form the basis of this Complaint occurred in Cherokee County, North Carolina and concern construction defects per a residential build on real property owned by Plaintiffs within the geographical boundaries of Cherokee County, North Carolina.

8. The real property, transactions, and work performed with regard to this matter are located or occurred in Cherokee County, North Carolina. Furthermore, the actions, omissions and conduct of the Defendants, and the damages caused by Defendants, all occurred within and concern the real property and structures thereon in Cherokee County, North Carolina.

9. Defendants had contact, actions and involvement with regard to transactions, conduct and services affecting the contract between the Plaintiffs and Defendants in Cherokee County, North Carolina. As such, personal jurisdiction over the Defendants, subject matter jurisdiction and venue are proper before this Court.

**10.** The amount in controversy claimed is in excess of $75,000.00 and the Plaintiffs are residents of Florida whereas the Defendants and Individuals located in North Carolina and Georgia and thus this court enjoys diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**11.** Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2).

## FACTS OF THE CASE

**12.** Plaintiffs own real property with structures intended for residential purposes thereon at 198 Noble Mountain Landing, Murphy, North Carolina, 28906 (the "Property").

**13.** Defendant Mountain Life Cabins, LLC., ("Mountain Life") is a for-profit business which holds itself out as offering the sale of real property and residential construction services, including but not limited to, the sale of real property and construction of homes on same.

**14.** Mountain Life is owned and operated by Defendants Glen Frank and Dylan Frank.

**15.** Defendant Out-A-Bounds Farm, LLC., ("Out-A-Bounds") is as for-profit business which holds itself out as offering real property parcels for sale.

**16.** Out-A-Bounds is owned by Glen Frank.

**17.** Richard W. Norton, Jr. upon information and belief, was hired by or contracted with either Out-A-Bounds or Mountain Life or both entities to serve as general contractor.

**18.** Mountain Life holds a general contractor license in North Carolina to perform building work with a license limit of $750,000.00.

**19.** Richard W. Norton, Jr. holds a general contractor license in North Carolina to perform building work with a license limit of $750,000.00.

**20.** On or about May 17, 2023, Plaintiffs entered a sales contract with Out-A-Bounds for the purchase of the Property ("Sales Contract") and improvements thereon, including a newly

constructed residential structure, located at 198 Noble Mountain Landing, Murphy, North Carolina, 28906, for $750,000.00 (the "Project").

**21.** Based on the representation of the services offered by Defendants Out-A-Bounds and Glen Frank, Plaintiffs were informed that Out-A-Bounds and Glen Frank constructed the Property.

**22.** Plaintiffs were initially told by Defendants Out-A-Bounds and Glen Frank, they served as General Contractor and as builder on the project. Throughout the sales process, it was understood and stated by Mr. Frank and Out-A-Bounds that given his purported experience, he oversaw and managed the Project, purporting to be a licensed contractor.

**23.** At no point prior to Plaintiffs purchasing the Property, did Mr. Frank or Out-A-Bounds state that other persons or entities served as a general contractor or oversaw the Project.

**24.** These representations were relied upon by Plaintiffs and heavily influenced their decision to enter into the contract as Glen Frank represented he was a licensed general contractor, had substantial experience and skill in home construction, and a proper monetary limit having developed and built several other houses in the area.

**25.** This representation as to Glen Frank's licensure, experience and skill in home construction and general contracting induced Plaintiff's to agree.

**26.** Despite Glen Frank's representations as to his years of experience, skill and licensure as a general contractor, he held no such proper licensure.

**27.** Only Defendant Dylan Frank of Mountain Life Cabins is a licensed general contractor, but has only held such a license since January of 2023, and building commenced in 2021 and continued through 2022 into 2023.

**28.** Dylan Frank, however, was not the official general contractor for the Project based on documents filed with Cherokee County.

**29.** Despite their representations, neither Glen Frank nor Mountain Life Cabins would be acting as general contractor in building the structure that would become the Plaintiffs' residence.

**30.** Defendant Richard W. Norton Jr. acted as the general contractor on the Project.

**31.** Defendant Richard W. Norton Jr. did not hold an active contractor's license at all times relevant to this litigation. His general contractor's license number is L.35503.

**32.** Despite not holding an active contractor's license at all times relevant to this litigation, Defendant Richard W. Norton, Jr. is listed as the contractor on the building permit and inspection documents issued by Cherokee County, North Carolina for the construction of the Project.

**33.** Defendant Richard W. Norton Jr. is named as the contractor in the plans drawn for the retaining walls that were constructed at the Project.

**34.** Defendants, acting in concert, did not inform and in fact concealed, the truth as to the licensure status and identity of who in reality acted as the general contractor on the Project.

**35.** Had the Plaintiffs known the truth as to the licensure status and identity of the general contractor, they would not have agreed to the terms of the agreement as they were promised and sought a home built by a general contractor with the requisite skill and licensure.

**36.** Defendants Out-A-Bounds, Mountain Life Cabins, Glen Frank, and Dylan Frank made these statements, or acquiesced to them, fully aware Plaintiffs relied on their expertise to build Plaintiffs' home in a workmanlike fashion and with proper licensure and/or intentionally concealed the roles, expertise, and overall responsibility and legal compliance of the Project.

**37.** Plaintiffs are not familiar with the process or means and methods of constructing a home and as such had to rely on the statements of the Defendant Out-A-Bounds, Mountain Life Cabins, Glen Frank, and Dylan Frank.

**38.** Prior to closing on the Property, Plaintiffs paid for a home inspection, which revealed significant structural and workmanship issues, which was forwarded to Glen Frank on May 23, 2023.

**39.** The Sales Contract with Defendant Out-A-Bounds provides for a construction warranty from Defendant and the closing was commenced under the understanding from Defendant Glen Frank and/or Defendants that the issues referenced in the inspection report would be remedied by Defendants.

**40.** In the Sales Contract's addendum, Section 2(a) ("Warranty")provides that:

> **"Seller (Out-A-Bounds and Glen Frank) hereby warrant(s) that, for a period of one (1) year from the date of Closing or the date Buyer occupies the Dwelling, whichever comes first, [General Contractor] will make all necessary repairs and corrections to the Dwelling, either interior or exterior, structural or nonstructural, that shall become necessary by reason of faulty construction, labor or materials or non-conformity of construction to the Plans and Specifications."**

**41.** The Warranty further allows for Defendants to: **"(i) make such repairs and corrections, (ii) replace any faulty or non-conforming item or condition or (iii) pay to Buyer the reasonable cost of such repair, correction or replacement."**

**42.** Since Plaintiffs were unaware of the deceptive actions of the Defendants and mislead as to the parties that would actually construct and oversee the Project, they were unaware that Mountain Life was the general contractor until after closing on the home and had no idea or understanding the Richard W. Norton, Jr. and/or Norton Construction was involved at all.

**43.** Afterwards, Plaintiffs noticed even more issues with the quality of workmanship and materials, including structural, grading, and retaining wall issues.

**44.** Plaintiffs were promised by Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank that their home would be built in an acceptable workmanlike manner and the

products and materials utilized in the construction of the home would be of the proper quality and grade, including all work being compliant with applicable codes and regulations.

**45.** Plaintiffs were also promised by Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank that all applicable building codes and regulations would be complied with both in the workmanship and materials used in building the home and that the warranty would be complied with.

**46.** To date, the following defects are known with more expected to be found:

    **a.** Improper installation of the piers for the foundation.

    **b.** The retaining walls at the rear if the house were Plaintiffs' first concern and revealed numerous other issues and defects. The two walls, both over 8 feet tall are not structurally sound and are bowing, warping and otherwise in imminent danger of failing, causing damages, including but not limited to stability issues of not only to the home and porch but also the Plaintiffs' real property that surrounds the home.

    **c.** The walls, which are both over 8 feet tall, were not constructed pursuant to proper materials pursuant to North Carolina building regulations, as found in Chapter 18 of the North Carolina State Building Code.

    **d.** Additionally, the walls are not reinforced with the proper backfill materials pursuant to proper materials pursuant to North Carolina building regulations, as found in Chapter 18 of the North Carolina State Building Code.

    **e.** The failure of Defendants to construct the retaining walls in a workmanlike manner using the proper materials is a violation of the implied warranty off habitability and workmanlike construction and negligence per se based upon the failure of the walls to comply with North Carolina Building codes.

    **f.** The main support post for the deck and stone fireplace were not placed on proper footers, threatening and causing structural damage to the home.

    **g.** The home also has significant issues with water intrusion, humidity and moisture problems based on construction defects caused by Defendants' poor workmanship and the selection and use of substandard, below grade products.

    **h.** The foundation was not property sealed nor did Defendants apply a tar coating to the foundation as agreed upon.

    **i.** The backfill selected and placed against the foundation by the Defendants was not properly installed nor composed of the proper materials.

    **j.** Improper drainage from the foundation, which required hauling in rock and gravel fill for the driveway and re-sloping the driveway to divert water from the Property.

**47.** Defendant Dylan Frank represented to Plaintiffs that the home's foundation was properly sealed with tar. However, such was either not done or not done properly as the home is experiencing water intrusion in the basement and unacceptable levels of humidity in the home, which despite Plaintiffs' remediation efforts have required the water and HVAC in the home to be shut off, rendering the home uninhabitable and subject to mold.

**48.** The failure to properly backfill has not only caused damage to the home's foundation and structural integrity, but also the Plaintiffs' surrounding real property due to erosion caused by the use and placement improper backfill by Defendants.

**49.** The combination of the Defendants poor workmanship in constructing and selection and use of improper or below acceptable standard materials in the retaining wall and foundational support system of the home, has not only caused significant damage to the Plaintiffs' home, but

said construction defects have also damaged Plaintiffs' surrounding real property, which required significant grading and/or stabilization.

50. In addition to the foregoing, Defendants committed significant violations of the North Carolina and Cherokee County Building codes, including:

    **a.** The support posts were not placed on proper footings pursuant to North Carolina building regulations as found in Chapter 18 of the North Carolina State Building Code.

    **b.** The foundation was not backfilled with proper materials, pursuant to North Carolina building regulations found in Chapter 18 of the North Carolina State Building Code.

    **c.** The foundation was not properly waterproofed, pursuant to North Carolina building regulations found in Chapter 18 of the North Carolina State Building Code.

    **d.** Additionally, the walls are not reinforced with the proper backfill materials pursuant to proper materials pursuant to North Carolina building regulations, as found in Chapter 18 of the North Carolina State Building Code.

51. The failure of Defendants to construct the foundation and supports in a workmanlike manner using the proper materials is a violation of the implied warranty of habitability and workmanlike construction and negligence per se based upon the failure of the walls to comply with North Carolina Building Codes and the Warranty in the Sales Contract.

52. The Defendants failed to carry out the necessary repairs or fulfill warranty obligations due to their negligence in performing construction work on Plaintiffs' home.

**53.** The cost to correct the above mentioned foundational and waterproofing construction defects resultant of Defendants' poor workmanship and use of subpar and below grade materials is estimated to be at least $70,702.50.

**54.** The cost of removing and replacing the retaining walls is at least $163,000.00 to date.

**55.** The total cost to repair all the retaining walls, footers, waterproofing and foundation defects of the home is estimated to be at least $233,702.50.

**56.** Plaintiffs have informed Defendants of these construction defects in writing and offered them an opportunity to inspect and cure prior to filing this lawsuit.

**57.** Defendants have not repaired or remedied any of the construction defects effecting the home nor have they made any promise to.

**58.** Defendant has likewise failed to act under the warranty.

**59.** By negligently performing work on Plaintiffs' home, Defendants have caused Plaintiffs to suffer damages to their property and incur repair costs and attorney's fees.

**60.** Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank, Dylan Frank and Richard W. Norton, Jr. acted both individually and in concert in failing to perform the work subject to same in a non-negligent workmanlike manner and in utilizing subpar or below standard materials while intentionally misleading the Plaintiffs on the parties involved, experience, ability, and quality and type of work to be completed on the Project.

**61.** Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank, Dylan Frank, and Richard W. Norton, Jr. acted both individually and in concert in failing to perform the work subject to same in a manner required by North Carolina and Cherokee County building regulations and licensure requirements.

**62.** Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank intentionally misrepresented in an unfair and deceptive manner what results could be obtained through the scope of work or repairs proposed by Defendants to Plaintiff.

**63.** Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank acted in an unfair and deceptive manner in refusing to respond to concerns and complaints made by Plaintiffs regarding work done by Defendants, despite representing that the work would be warranted by the Defendants.

**64.** The injuries caused to the Plaintiff by the actions of the Defendants have caused the Plaintiff to suffer injuries, financial and otherwise not common to the public at large and are traceable to the actions and omissions of the Defendants.

**65.** Plaintiffs have endured protracted delays in moving into their home due to the significant defects and issues caused by Defendants.

**66.** Because of the breach of the Sales Contract and Warranty, negligence, negligence per se, misrepresentation, fraud and unfair and deceptive practices of the Defendants, Plaintiffs have suffered and continue to suffer financial and personal losses.

<u>**COUNT I – BREACH OF CONTRACT**</u>

**67.** Plaintiffs repeat, re-allege and incorporates herein by reference the allegations set forth in paragraphs above, in full and in their entirety as if fully set forth verbatim.

**68.** There existed a valid and enforceable contract between the Plaintiffs and Out-A-Bounds and Glen Frank to purchase the Property and as otherwise implied and agreed upon the parties or via the Defendants concerted acts as agents of Out-A-Bounds.

**69.** Plaintiffs have performed all conditions precedent and necessary to require performance and consideration from Defendants under the Sales Contract.

**70.**   Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank materially breached the terms of Sales Contract by failing to perform the work subject to same in a non-negligent workmanlike manner and failing to act in good faith and/or as agents of Out-of-Bounds.

**71.**   Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank materially breached the terms of Sales Contract by failing to perform the work subject to same in failing to utilize products of the proper standard and grade.

**72.**   By failing to perform the work which was the subject of the contract between Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank, Dylan Frank and Plaintiffs, Defendant Richard W. Norton Jr. materially breached a contract or rights implied in law.

**73.**   As a direct and proximate result of the acts and omissions and conduct of Defendants, Plaintiffs have incurred and will continue to incur damages and losses to their property, out-of-pocket payments and expenses, plus other consequential and incidental damages in an amount to be proven at trial, and court costs, interest and attorney's fees.

## COUNT II – BREACH OF WARRANTY

**74.**   Plaintiffs repeat, re-allege and incorporates herein by reference the allegations set forth in paragraphs above, in full and in their entirety as if fully set forth verbatim.

**75.**   Defendants represented to Plaintiffs in the Sales Contract, that their work in constructing the Plaintiffs home would be of good quality, free of defects and performed in accordance with terms of the contract.

**76.**   Plaintiffs relied on these representations in purchasing the Property.

**77.**   The Sales Contract provided a warranty for the defects and issues set forth herein.

**78.** Defendants did not in fact address or correct the problems with the Plaintiffs' home that were brought to their attention, which they expressly assured Plaintiffs they would do.

**79.** Defendants Out-A-Bounds and Glen Franks' action constitute a violation of N.C. Gen. Stat. $ 25-2-313 for breach of express warranty.

**80.** As a direct and proximate result of the acts and omissions and conduct of Defendants, Plaintiffs have incurred and will continue to incur damages and losses to their property, out-of-pocket payments and expenses, plus other consequential and incidental damages in an amount to be proven at trial, and court costs, interest and attorney's fees.

## COUNT III – BREACH OF IMPLIED WARRANTY OF HABITABILITY AND WORKMANSHIP

**81.** Plaintiffs repeat, re-allege and incorporates herein by reference the allegations set forth in paragraphs above, in full and in their entirety as if fully set forth verbatim.

**82.** Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank, Dylan Frank and Richard W. Norton, Jr. had an implied duty under North Carolina law to construct Plaintiff's home in a proper and workmanlike manner.

**83.** Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank, Dylan Frank and Richard W. Norton, Jr. breached that duty by failing to construct Plaintiffs' home in a proper and workmanlike manner as evidenced by the defects with the retaining wall, footers, waterproofing and foundation.

**84.** Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank, Dylan Frank and Richard W. Norton, Jr. had an implied duty under North Carolina law to construct Plaintiff's home in a manner that would render it fit for human habitation.

**85.** Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank, Dylan Frank and Richard W. Norton, Jr. breached that duty by failing to construct Plaintiffs' home in a manner that would render it fit for human habitation as evidenced by the defects with the retaining wall, footers, waterproofing and foundation.

**86.** As a direct and proximate result of the acts and omissions and conduct of Defendants, Plaintiffs have incurred and will continue to incur damages and losses to their property, out-of-pocket payments and expenses, plus other consequential and incidental damages in an amount to be proven at trial, and court costs, interest and attorney's fees.

## COUNT IV - NEGLIGENCE

**87.** Plaintiffs repeat, re-allege and incorporates herein by reference the allegations set forth in paragraphs above, in full and in their entirety as if fully set forth verbatim.

**88.** Defendants had a duty to use reasonable care in constructing, overseeing, bidding, and planning Plaintiffs' home in a non-negligent manner.

**89.** Defendants individually and through their employees failed to exercise reasonable care in carrying out their work on Plaintiffs' home as demonstrated by the use of improper tools, techniques, materials and lack of proper oversight.

**90.** Despite paying over $750.000.00 for the Property, it is structurally unsound and uninhabitable due to numerous construction defects and unworkmanlike services.

**91.** Defendants damaged Plaintiffs' yard by failing to exercise proper care while engaged in work on the premises and constructing the homes retaining walls and foundational components, including ongoing drainage issues due to the driveway's slope.

**92.** As a direct and proximate result of the negligent acts and omissions and conduct of Defendants, Plaintiff has incurred and will incur damages and losses to his property, out-of-pocket

payments and expenses, plus other consequential and incidental damages in an amount to be proven at trial, and court costs, interest and attorney's fees.

### COUNT V – NEGLIGENT SUPERVISION AND INSPECTION OF WORK

**93.** Plaintiffs repeat, re-allege and incorporates herein by reference the allegations set forth in paragraphs above, in full and in their entirety as if fully set forth verbatim.

**94.** Defendants had a duty to use reasonable care to supervise and inspect the work performed on the Plaintiffs' home in a non-negligent manner.

**95.** Defendants individually and through their employees failed to exercise reasonable care in supervising and inspecting the work on Plaintiffs' home as evidenced by the defects with the retaining wall, footers, waterproofing and foundation.

**96.** Defendants as individually and through their employees knew or should have known through the exercise of ordinary care in supervising and inspecting the work performed regarding the retaining wall, footers, waterproofing and foundation had not been constructed in a proper workmanlike and non-negligent manner.

**97.** As a direct and proximate result of the negligent acts and omissions and conduct of Defendants, Plaintiff has incurred and will incur damages and losses to his property, out-of-pocket payments and expenses, plus other consequential and incidental damages in an amount to be proven at trial, and court costs, interest and attorney's fees.

### COUNT VI - NEGLIGENCE PER SE

**98.** Plaintiffs repeat, re-allege and incorporates herein by reference the allegations set forth in paragraphs above, in full and in their entirety as if fully set forth verbatim.

**99.** At all relevant times, Defendants owed certain duties to Plaintiffs. Notwithstanding those duties, Defendants violate them in the following particulars:

a. Defendant Richard W. Norton, Jr. acted as the general contractor in constructing Plaintiffs' home, the contractual price of same exceeding the statutory limit of $40,000.00, while not possessing a valid North Carolina contractor's license in violation of N.C.G.S.A. § § 87-1 and 87-13.

b. Richard W. Norton, Jr. did not have a license during the period in which the Project was built yet is listed as the general contractor.

c. In violation of N.C.G.S.A. § 87-13, Richard Norton specifically, and the Defendants generally, for the unauthorized practice of contracting, impersonating a contractor, false certifications and statements that Defendants were licensed due to bidding on the Project without licensure, presenting or attempting to file as his own, the license certificate of another and falsely impersonating another, and falsely claiming to be properly licensed.

d. Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank, in representing to Plaintiffs that the home was built under the supervision of an individual with a valid North Carolina contractor's license were in violation of N.C.G.S.A. §§ 87-1 and 87-13.

e. Defendants failed to construct the retaining walls at Plaintiffs' home pursuant to Chapter 18 of the North Carolina State Building Code.

f. Defendants failed to properly backfill the foundational system at Plaintiffs' home pursuant to Chapter 18 of the North Carolina State Building Code.

g. Defendants failed to properly reinforce the foundational system at Plaintiffs' home pursuant to Chapter 18 of the North Carolina State Building Code.

h. Defendants failed to properly place foundational posts on proper footings at Plaintiffs' home pursuant to Chapter 18 of the North Carolina State Building Code.

i. Defendants failed to waterproof the foundational system at Plaintiffs' home pursuant to Chapter 18 of the North Carolina State Building Code.

100. Defendants' violations of the aforementioned duties of care constitute *negligence per se*.

101. As a direct and proximate result of the negligent acts and omissions and conduct of Defendants, Plaintiff has incurred and will incur damages and losses to property, out-of-pocket payments and expenses, plus other consequential and incidental damages in an amount to be proven at trial, and court costs, interest and attorney's fees.

## COUNT VII – NEGLIGENT MISREPRESENTATION

102. Plaintiffs repeat, re-allege and incorporates herein by reference the allegations set forth in paragraphs above, in full and in their entirety as if fully set forth verbatim.

103. Defendants made or acquiesced in false representations of material facts when they repeatedly told Plaintiffs their home was to be built under the supervision Glen Frank, a supposedly validly licensed North Carolina general contractor, with years of experience. However, Defendant Richard W. Norton, Jr. acted as the general contractor. This representation was false at the time it was made because the general contractor, Defendant Richard W. Norton, Jr. did not have a valid North Carolina contractor's license at the time and his role was not agreed upon by Plaintiffs or communicated by Defendants.

104. Defendants had a pecuniary interest in making the statement as it was in the course of doing business and induced Plaintiffs to do business with them. Upon information and belief, Richard Norton was compliant and aware of these misrepresentations.

**105.** Defendants asserted a high skill level in the residential construction businesses, possessed knowledge of how the construction business operated and therefore owed Plaintiffs a duty of due care when making representations as to material aspects of the business in relation to the building of the Property.

**106.** A reasonable person in the construction business, when contracting to build a home exceeding the statutory limit which an unlicensed general contractor can legally become engaged under state law, should know whether the general contractor was licensed, and he should not falsely communicate that to potential customers like Plaintiffs.

**107.** Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank breached their duty of care when they falsely told Plaintiffs that a validly licensed and experienced individual would serve as general contractor in the construction of their home and that fact was material.

**108.** Plaintiffs relied on the truth of Out-A-Bounds, Glen Frank and Dylan Frank's representations when they entered into the contract to purchase the home. Plaintiffs also relied on Defendants' repeated assurances that everything would be built free of defects and/or remedied.

**109.** Plaintiffs were consequently and proximately injured by the false representations.

**110.** As a direct and proximate result of the negligent acts and omissions and conduct of Defendants, Plaintiff has incurred and will incur damages and losses to property, out-of-pocket payments and expenses, plus other consequential and incidental damages in an amount to be proven at trial, and court costs, interest and attorney's fees.

## COUNT VIII– FRAUD, CONSTRUCTIVE FRAUD & FRAUD IN THE INDUCEMENT

**111.** Plaintiffs repeat, re-allege and incorporates herein by reference the allegations set forth in paragraphs above, in full and in their entirety as if fully set forth verbatim.

**112.** On or about June 2, 2023, at the offices of Cowan and Cowan, P.A. in Murphy North Carolina, Defendants made false representations and/or concealed material facts, with intent to defraud Plaintiffs, represented to Plaintiffs that a validly North Carolina licensed and experienced general contractor, specifically Glen Frank, would lead the Project.

**113.** Said representations were known by these Defendants to be and were false as Dylan Frank and Mountain Life Cabins oversaw and served as general contractor (or otherwise gave the role to Norton) unbeknownst to Plaintiffs and despite their reliance on Glen Frank and Out-A-Bounds.

**114.** In truth, Defendant Richard W. Norton, Jr. who did not have a valid North Carolina general contractors license, acted as general contractor in constructing Plaintiffs' home according to documents submitted by Defendants.

**115.** Plaintiffs believed and relied upon the false representations, and thus were induced to contract for the Project.

**116.** As a direct and proximate result of the fraudulent acts and conduct, Plaintiffs have incurred and will incur damages and losses to their property, out-of-pocket payments and expenses, plus other consequential and incidental damages in an amount to be proven at trial, and court costs, interest and attorney's fees.

## COUNT IX– UNFAIR AND DECEPTIVE TRADE PRACTICES

**117.**     Plaintiffs repeat, re-allege and incorporates herein by reference the allegations set forth in paragraphs above, in full and in their entirety as if fully set forth verbatim.

**118.**     Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank represented to Plaintiffs that a validly North Carolina licensed and experienced general contractor, specifically Glen Frank, would serve as general contractor in the construction of their home and construct the home in a workmanlike manner, free of defects.

**119.**     Defendants intentionally failed to mention that Defendant Richard W. Norton, Jr. was acting as general contractor in building Plaintiffs' home. At the time the representation was made and the home was built, Norton did not possess a valid North Carolina general contractors license.

**120.**     Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank further represented they would comply with the terms of the Sales Contract and perform under same in good faith.

**121.**     Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank represented that its work came with a warranty, however Defendants have intentionally failed to respond to Plaintiffs' requests and inquiries as to remedies available from the Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank related to the work performed and warranted by Defendant.

**122.**     These acts by Defendants constituted concerted action in committing a wrongful act, or participated with common intent to harm or defraud given the way in which Defendants attempted to contract and build the Project. The undisputed facts show the Defendants acted with

a common purpose, without complying with state law and engineered and executed the misrepresentations and other unfair conduct on behalf of and through Out-A-Bounds.

**123.** Plaintiffs relied upon these representations and entered into the Sales Contract with Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank.

**124.** When Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank made these representations, Defendant knew or should have known that Plaintiffs would rely on such to their detriment and enter into the Sales Contract.

**125.** The actions, conduct and misrepresentations of Defendant constitute unfair and deceptive acts or practices affecting the conduct of trade or commerce, and constitute violations of N.C.G.S.A. § 75-1.1. Plaintiffs have sustained an ascertainable loss or losses of money and/or property as a result of said violations by Defendants.

**126.** Each Defendant participated in conduct that is unfair and deceptive resulting in concerted action in a violation of N.C. Gen. Stat. § 75-1.1 giving rise to joint and several liability.

**127.** Based on Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank violation N.C.G.S.A. § 75-1.1, Plaintiffs are entitled to attorney's fees pursuant to N.C.G.S.A. § 75-16.1

**128.** Based on Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank violation N.C.G.S.A. § 75-1.1, Plaintiffs are entitled to treble damages pursuant to N.C.G.S.A. § 75-16.

**129.** Defendant Richard Norton engaged in an unfair and deceptive act in contracting to construct a residence without the proper licensing amount.

**130.** As a direct and proximate result of said conduct and actions of Defendants, Plaintiffs have incurred and will incur damages and losses to his business, out-of-pocket payments

and expenses, plus other consequential and incidental damages in an amount to be proven at trial, and court costs, interest and attorney's fees. Defendants are liable to Plaintiffs for compensatory and treble or punitive damages as a result.

## COUNT X - PUNITIVE DAMAGES

**131.**     Plaintiffs repeat, re-allege and incorporates herein by reference the allegations set forth in paragraphs above, in full and in their entirety as if fully set forth verbatim.

**132.**     The conduct of the Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank as set forth above constituted fraudulent, willful or wanton conduct within the meaning of Chapter 1D of the North Carolina General Statutes for the reason(s) that:

a.  Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank conduct was carried out with conscious and intentional disregard of and indifference to the rights and safety of Plaintiffs, which Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank knew or should have known was reasonably likely to result in injury, damage or harm.

b.  Despite coaxing Plaintiff's into a $750,000.00 construction agreement based on the experience in the area of Out-A-Bounds and Glen Frank, he turned the Project over to Dylan Frank and Mountain Life Cabins (only received contractor's license in January) and Richard W. Norton, Jr. d/b/a Norton Construction, that did not have a license during the Project.

c.  Specifically, at the time the Defendants Mountain Life Cabins, Out-A-Bounds, Glen Frank and Dylan Frank made representation as to the identity, experience and licensure of the general contractor and promises as to a warranty, said Defendants knew they were false

and intended that the Plaintiffs should act on them, and Plaintiffs relied on the false representations and have been injured as a direct and proximate result.

**133.** Therefore, plaintiffs are entitled to recover punitive damages from Defendants in this action in an amount to be determined by the jury.

## COUNT XI – DECLARATORY AND INJUNCTIVE RELIEF

**134.** Plaintiffs incorporate the foregoing as fully set forth herein and all relief under 28 U.S.C.A. § 2201.

**135.** Defendants Out-A-Bounds entered into a construction warranty for a term of one year from the date Plaintiffs reside on the Property, which has not yet occurred.

**136.** The issues set forth herein are covered under said warranty, yet Defendant(s) decline to repair, repay, or remediate.

**137.** By reason of the foregoing, there is an actual and justiciable controversy among the parties regarding Defendant(s) liability for payments made and owed and for remediation costs and/or repairs.

**138.** As such, Plaintiffs request a judicial declaration that the construction warranty set forth herein is binding and Defendant(s) are/is obligation to abide by those terms and/or make payment for costs incurred due to failure to abide by the warranty provision.

**139.** Injunctive relief compelling Defendant(s) to abide by the warranty and pay reasonable costs incurred for repairs as set forth herein and as performed by Plaintiffs, including grading, excavation, gravel, and additional support and retaining walls for the amount of approximately $234,000.00.

**140.** The relief is immediately necessary as interest continues to accrue and otherwise deplete Plaintiffs' retirement funds.

## **PRAYER FOR RELIEF**

**WHEREFORE**, premises considered, Plaintiffs requests and pray for the following:

1.    That this Complaint be filed and that process be issued and be served upon Defendants.

2.    That Defendants be required to make answer to this Complaint as required by law, and this proceeding move forward through discovery, proof and trial.

3.    That Plaintiffs be awarded a judgment against Defendants for breach of contract, breach of warranty, negligence, negligence per se, negligent misrepresentation, fraud, unfair and deceptive trade practices and for any monetary damages and compensatory damages, plus consequential and incidental damages, pre and post judgment interest, and attorney's fees.

4.    That Plaintiffs be awarded a judgment against Defendants for compensatory and economic damages against Defendants to include, but not limited to, any and all monetary damages based on Defendant's actions, conduct, misrepresentations, and unfair deceptive acts and any other related compensatory damages in an amount to be proven at trial, plus pre and post judgment interest and attorney's fees.

5.    That Plaintiff be awarded a Judgment against Defendant for punitive and/or treble damages and attorney's fees.

6.    Institute all fees and penalties available under N.C.G.S.A. § § 87-1—8 7-13.

7.    That Plaintiff be awarded a judgment against Defendants for both pre and post judgment interest, court costs and discretionary costs to prosecute this action.

8.    That Plaintiff be awarded such other, further and general relief as may be deemed appropriate in this cause in an amount not less than $750,000.00 of the contract price, plus direct and consequential damages.

9.      Declaratory and injunctive relief indicating that Defendants, separately or jointly, are obligated to fulfill the warranty provisions, which apply to the foregoing issues.

10.      In the alternative, that the Sales Contract be rescinded in full due to illegality and fraud, with the contract price, attorney fees, and repair costs.

11.      That this cause be tried by a jury of 12.

Respectfully submitted this 29th day of January, 2024,

                    **COPELAND, STAIR, VALZ & LOVELL, LLP**

                    _S/ W. Matthew Wayne_
                    W. Mathew Wayne, TN BPR No. 035681
                    David L. Barry, TN BPR No. 035582
                    735 Broad Street, Suite 1100
                    Chattanooga, TN 37402
                    Phone: 423-541-6642
                    Fax: 423-648-2283
                    mwayne@csvl.law
                    dbarry@csvl.law

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Mehrl Phebus & Debra Phebus

**DEFENDANTS**

Mountain Life Cabins, LLC, Out-A-Bounds Farm, LLC, Richard W. Norton, Jr., Glen Frank & Dylan Frank

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Fannin**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
W. Matthew Wayne & David Barry; Copeland, Stair, Valz & Lovell, LLP; 735 Broad Street, Suite 1100, Chattanooga, TN 37402: 423-541-6649

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code § 1332

Brief description of cause:
Breach of residential construction contract and related warranty, negligence, negligence per se, fraud, consumer protection and injunction relief.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $750,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE 1/29/2024

SIGNATURE OF ATTORNEY OF RECORD /s/ W. Matthew Wayne

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____