IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00035-MR-WCM

| | | |
|---|---|---|
| MEHRL PHEBUS and DEBRA PHEBUS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| MOUNTAIN LIFE CABINS, LLC; OUT-A-BOUNDS FARM, LLC; RICHARD W. NORTON, JR.; GLEN FRANK; and DYLAN FRANK, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiffs' Motion to Compel (Doc. 25).

I. Relevant Background

An initial pretrial conference was conducted on June 5, 2024. The following day, the Court entered a Pretrial Order and Case Management Plan which, among other things, directed the parties to exchange the information required by Federal Rule of Civil Procedure 26(a)(1) no later than July 3, 2024. Doc. 12 at 3.

On August 8, 2024, a paralegal at the law firm representing Plaintiffs sent an email to counsel for Defendants Dylan Frank, Glen Frank, Mountain Life Cabins, LLC, and Out-A-Bounds Farm, LLC asking for any information related to those Defendants' applicable insurance policies and stating that a

1

Motion to Compel had been prepared and would be filed "today or tomorrow if the information concerning the aforementioned insurance policies is not promptly provided." Doc. 26-3.

On August 22, 2024, Plaintiffs filed the Motion to Compel, asserting that Defendants Dylan Frank, Glen Frank, Mountain Life Cabins, LLC, and Out-A-Bounds Farm, LLC had failed to serve their initial disclosures.

One week later, on August 29, 2024, counsel for those Defendants filed a "certificate of initial disclosure" indicating that those Defendants had served their initial disclosures, along with various exhibits, as required by Rule 26. Doc. 27.[1]

The subject Defendants have made no substantive response to the Motion to Compel and the time for doing so has expired.

II. Discussion

Rule 37(a)(3)(A) of the Federal Rules of Civil Procedure states that "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." The Rule additionally provides that if such a motion is granted, "or if the disclosure…is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct

---

[1] From an attached certificate of service, it appears that those materials were served by United States Mail on August 29, 2024. Id.

necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." F.R.C.P. 37(a)(5)(A).

The court, however, must not order payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.
>
> Id.

In this case, Plaintiffs contended in the Motion to Compel that Defendants Dylan Frank, Glen Frank, Mountain Life Cabins, LLC, and Out-A-Bounds Farm, LLC failed to serve their initial disclosures by the deadline set by the Pretrial Order. Those Defendants have not challenged this contention and the filing of their certificate appears to confirm that their initial disclosures were not served until August 29, 2024, which was approximately 8 weeks after the deadline.

Since the initial disclosures from Defendants Dylan Frank, Glen Frank, Mountain Life Cabins, LLC, and Out-A-Bounds Farm, LLC have apparently now been served, the Motion to Compel will be denied as moot to the extent it seeks an order directing the production of those materials.

3

Nonetheless, the issue of expenses must be addressed.

Plaintiffs' attempts to confer with opposing counsel were minimal and the undersigned has closely considered whether Plaintiffs' expense request should be denied on this basis, and even without an objection by the subject Defendants.

However, the deadline for the parties to exchange their initial disclosures was clearly stated in the Pretrial Order and the current record indicates that the circumstances fit squarely within the parameters of Rule 37(a)(5)(A)—specifically that Defendants Dylan Frank, Glen Frank, Mountain Life Cabins, LLC, and Out-A-Bounds Farm, LLC failed to serve their initial disclosures by the deadline established by the Pretrial Order, continued to fail to comply with that obligation for weeks thereafter, and finally provided the materials only after the Motion to Compel had been filed. In addition, the Motion to Compel is substantively unopposed by the relevant Defendants.

Accordingly, to the extent the Motion to Compel seeks an award of expenses, including attorney's fees, it will be granted.

**IT IS THEREFORE ORDERED THAT** the Motion to Compel (Doc. 25) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. To the extent it seeks an order compelling the production of initial disclosures by Defendants Dylan Frank, Glen Frank, Mountain Life Cabins, LLC, and Out-A-Bounds Farm, LLC, the Motion is **DENIED AS MOOT**.

2. To the extent it seeks an award of Plaintiffs' expenses, including attorney's fees, the Motion is **GRANTED.**

   a. Plaintiffs and Defendants Dylan Frank, Glen Frank, Mountain Life Cabins, LLC, and Out-A-Bounds Farm, LLC are **DIRECTED TO CONFER** and attempt to reach an agreement as to the amount of expenses that should be awarded and by whom that amount should be paid.

   b. On or before **September 19, 2024**:

      i. These parties shall file a stipulation advising that they have conferred and reached an agreement as to the amount of the award, and advising of such amount and the payor(s), OR

      ii. In the alternative, if these parties are unable to reach an agreement, Plaintiffs shall submit appropriate materials from which the Court can determine an appropriate award. In that circumstance, Defendants Dylan Frank, Glen Frank,

5

Mountain Life Cabins, LLC, and Out-A-Bounds Farm, LLC shall have an additional seven (7) days from the date of Plaintiffs' filing to respond. Plaintiffs shall have three (3) days thereafter to file a reply, if any.

Signed: September 12, 2024

W. Carleton Metcalf
United States Magistrate Judge