IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00035-MR-WCM

| | | |
|---|---|---|
| MEHRL PHEBUS and | ) | |
| DEBRA PHEBUS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | ORDER |
| | ) | |
| MOUNTAIN LIFE CABINS, LLC; | ) | |
| OUT-A-BOUNDS FARM, LLC; | ) | |
| RICHARD W. NORTON, JR.; | ) | |
| GLEN FRANK; and | ) | |
| DYLAN FRANK, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a "Stipulation and Agreed Order to Extend Deadlines and Request for Scheduling Conference" (the "Stipulation," Doc. 35) and an "Agreed Order to Amend Complaint" (the "Agreed Order," Doc. 36).[1]

I. Potential Amendment

The Agreed Order states that Plaintiffs wish "to amend their Complaint to replace the named party Richard Norton Construction with Timbercraft Custom Homes." Doc. 36 at 1.

---

[1] Though the filings have not been submitted as motions and are not supported by briefs (see Local Civil Rule 7.1 (c)), because they seek action by the Court, the undersigned construes them as being motions.

1

There are numerous deficiencies with this request.

First, the parties do not cite any of the Rules of Civil Procedure or any other authorities in support of this request or otherwise explain how it should be analyzed.

Second, "Richard Norton Construction" is not a party to this case. Rather, the Complaint names Richard W. Norton Jr. as a defendant and alleges that "Richard W. Norton, Jr., d/b/a Norton Construction was at all material times a citizen of the State of North Carolina . . ." Doc. 1 at ¶ 4; see also Doc. 10.

Third, no proposed amended complaint has been submitted and the filings are inconsistent as to the precise nature of the proposed amendment. For example, the Agreed Order states that "Plaintiffs seek to amend their Complaint to substitute Timbercraft Custom Homes in place of Richard Norton Construction as a named defendant in this action *or as an additional party*" but later states that Plaintiffs are being given leave "to file their Amended Complaint, *substituting* Timbercraft Custom Homes in place of Richard Norton Construction…." Doc. 36 at 2 (emphasis added).

Fourth, the parties do not describe what effect, if any, the proposed amendment would have on the Court's subject matter jurisdiction which is based on diversity. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 367 (1978); Murphy and Chapman, P.A. v. Metro. Life Ins. Co., No. 3:05CV472-

2

H, 2006 WL 211811, *2-3 (W.D.N.C. 25 Jan. 2006) ("the Supreme Court has expressly held that the addition of a nondiverse defendant through the filing of an amended complaint defeats complete diversity").

## II. Scheduling Issues

The Stipulation states that the parties "agree to extend all current case deadlines by sixty (60) days to allow the parties to participate in mediation and continue discovery in good faith" and requests that the Court reschedule the trial date and hold a scheduling conference.

From the current filings, it appears that, at the beginning of a mediated settlement conference on December 19, 2024, "the parties determined, via the insurance carrier for Richard Norton," that Timbercraft Custom Homes was a proper defendant, "not Richard Norton Construction." Doc. 36 at 1. The undersigned further reads the filings to indicate that mediation was rescheduled for February 4, 2025. Doc. 35 at 1.

This case was filed in February 2024 and a Pretrial Order and Case Management Plan was issued on June 6, 2024. Docs. 1, 12. That Pretrial Order set a March 7, 2025 deadline for the completion of court enforceable discovery, a March 25, 2025 deadline for mediation, and an April 8, 2025 deadline for dispositive motions. Trial is scheduled for September 8, 2025.

The parties' filings provide no explanation for why they did not discover until the beginning of a mediated settlement conference on December 19,

2024—which was 10 months after the case was filed and 6 months after the Pretrial Order was entered—that Timbercraft Custom Homes should be a party.

Under these circumstances, the parties' showings in the Stipulation and Agreed Order are insufficient to justify the relief sought.

**IT IS THEREFORE ORDERED** that the "Stipulation and Agreed Order to Extend Deadlines and Request for Scheduling Conference" (Doc. 35) and the "Agreed Order to Amend Complaint" (Doc. 36), which have been construed as motions, are **DENIED WITHOUT PREJUDICE**.

Signed: January 6, 2025

W. Carleton Metcalf
United States Magistrate Judge